UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. LARRY E. PITTMAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KING'S COMMAND FOODS, INC., <br><br> Defendant. | Case No. C03-2829L <br><br> ORDER REGARDING PLAINTIFFS' "PRO SE" MOTION |

On March 23, 2005, the Court issued an order awarding defendants their reasonable attorney's fees and costs in the amount of $3,711.50, "which plaintiffs shall pay to defendants within thirty days of the date of this Order." (Dkt. #29). On April 12, 2005, plaintiffs filed their "Pro Se Motion for Order Limiting Liability for Sanctions to Attorney." (Dkt. #32). Plaintiffs argue that the sanctions should be paid by their attorney, John R. Scannell.

Notably, plaintiffs do not dispute the propriety of the imposition of sanctions nor the amount imposed. Instead, plaintiffs argue, "It is inequitable for the relators to be held liable for an error made by their attorney, for which they lacked notice and an opportunity to be heard." Motion at p. 2. Their motion is properly characterized as a motion for reconsideration, but it is untimely. Regardless of the timing, it is improper for plaintiffs to file a "pro se" motion when

ORDER REGARDING PLAINTIFFS'
"PRO SE" MOTION - 1

they are represented by counsel. Furthermore, plaintiffs' attempt to distance themselves from their counsel's actions are disingenuous and improper in light of the fact that they voluntarily chose their counsel, he continues to represent them, and plaintiffs have shown a pattern of blatant disregard for court orders while represented by Mr. Scannell and by other counsel. Ultimately, plaintiffs are responsible for the acts of their attorney. See Link v. Wabash Railroad Co., 370 U.S. 626, 633-34 (1962). Accordingly, plaintiffs' Pro Se Motion for Order Limiting Liability for Sanctions to Attorney (Dkt. #32) is DENIED. Plaintiffs must pay to defendants their reasonable attorney's fees and costs in the amount of $3,711.50 within ten days of the date of this Order.

Defendants request that the Court impose additional sanctions for plaintiffs' filing of their improper "pro se" motion. Plaintiffs' counsel filed an "objection" to defendants' request to have the case dismissed for plaintiffs' failure to pay the sanctions within the time ordered. In the "objection," counsel argues that the underlying motion "was brought and signed by [relator] Kevin Kern alone. None of the other plaintiff[s] participated in that motion." Objection at p. 2. Plaintiffs' counsel ignores the fact that although only Mr. Kern signed the motion, Mr. Pittman signed a declaration in support of the motion. Dismissal is not warranted at this time, but the Court awards defendants $500.00 as a reasonable amount of fees and costs incurred in responding to plaintiffs' untimely and improperly filed "Pro Se Motion."[1] Mr. Kern and Mr. Pittman are jointly responsible for the payment of the $500.00, and must pay that amount to defendants within twenty days of the date of this order.

DATED this 9th day of May, 2005.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[1] The Court does not award $1,030.00 in fees and costs as requested by defendants because defendants argued for a sanction, dismissal of the action, that was arguably too harsh.

ORDER REGARDING PLAINTIFFS'
"PRO SE" MOTION - 2